UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**COREY EUGENE WOOLEY**                                                                                **PLAINTIFF**

v.                                                     **CIVIL ACTION NO. 3:21-cv-546-BJB**

**AMY ROBEY et al.**                                                                             **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Corey Eugene Wooley initiated this *pro se* 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court dismisses this lawsuit.

### I. STATEMENT OF CLAIMS

Plaintiff was incarcerated at the Luther Luckett Correctional Complex (LLCC) during the pertinent time. He names as Defendants the Department of Corrections (DOC) and, in their individual and official capacities, the following LLCC employees: Warden Amy Robey; Deputy Warden of Programs Rebecca Barker; and Unit Administrators Jordan Wright and Aaron White.

Plaintiff states that he is housed in disciplinary segregation in the restricted housing unit (RHU) where prisoners are only allowed one phone call per week. According to the complaint, Plaintiff has been appointed "a paralegal from the Department of Public Advocacy" for a state post-conviction motion that he is pursuing. DN 1 at 5-6. Additionally, he states that he "is fighting a 3rd Degree Assault and Persistent Felony Offender" charge in Oldham County for which he has been appointed a public defender. *Id*. at 5. He alleges that he was informed by Defendants Wright and White that if he wished to call his attorney or paralegal "it would count as his one phone call a week," thereby preventing him from talking to his family that week. *Id*.

He argues that this violates his Sixth Amendment and Fourteenth Amendment due-process rights, as well as Kentucky law. He also alleges that these deprivations violate the Eighth Amendment's prohibition on cruel and unusual punishment.

Also, according to the complaint, on April 21, 2021, Defendant White was present and listened to Plaintiff's phone call to his attorney in violation of Department of Corrections' Policies and Procedures (CPP) 14.4. *Id.* at 6–7.

Plaintiff alleges that Defendants Wright and Robey answered his grievance about this incident in a response that violated CPP 14.4 and the Sixth Amendment. He further alleges that he has endured cruel and unusual punishment at the hands of Defendant Robey, who deprived him of his Sixth Amendment right and caused him "severe mental distress and emotional trauma." *Id*. at 10.

Plaintiff further alleges that he "is being deprived of law library, aids, courts, confinement, meaningful access, copies, legal supplies, volumes, rights, legal mail, documents, terms, constitutional rights, compliance, parties, legal materials, cases, staff, pens, legal calls, legal visits," and his confidential attorney/client privilege. *Id*. at 7.

Plaintiff also contends that he was deprived of his Fourteenth Amendment right to life, liberty or property "by subjecting and enforceing [him] to endure living . . . subjected to hopelessness, feeling of failure, not worthy enough, hated against[.]" *Id*. at 10-11.

Plaintiff attaches various exhibits to his complaint.

As relief, Plaintiff seeks damages and unspecified injunctive relief.

## II. STANDARD OF REVIEW

When a prisoner sues a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the case if it is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When screening the complaint, the Court must construe it in the light most favorable to Plaintiff and accept well-pled allegations as true, but has no obligation to accept "fantastic or delusional" allegations as true. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quotation omitted). And while a reviewing court liberally construes *pro se* pleadings, *see id.* at 471; *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), a complaint must include "enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. ANALYSIS

### A. Restrictions on phone use

Plaintiff alleges that being restricted to one phone call per week violates his Sixth Amendment right to an attorney, his Fourteenth Amendment due-process rights, and his right to be free from cruel and unusual punishment under the Eighth Amendment. According to Plaintiff, if he wished to call his attorney or paralegal he would not be able to talk to his family that week.

### *1. Sixth Amendment*

The Sixth Amendment right to the assistance of counsel applies only to criminal prosecutions and "extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In this case, the Sixth Amendment only applies to Plaintiff's phone calls with counsel concerning his Oldham County criminal charges and not to Plaintiff's post-conviction motion.

Regardless, Plaintiff fails to state a Sixth Amendment claim because he does not allege that he did not have other means of contact with his attorney. *See, e.g.*, *Uraz v. Ingham Cty. Jail*,

3

No. 1:19-CV-550, 2019 WL 4292394, at *9 (W.D. Mich. Sept. 11, 2019) ("Courts that have considered the issue regularly have concluded that phone limitations that restrict an inmate's right to call counsel do not result in a Sixth Amendment violation unless the inmate has no other reasonable means to contact the attorney and prejudice resulted."); *Thompson v. Causey*, No. 1:17-cv-P12-GNS, 2017 WL 1398345, at *2 (W.D. Ky. Apr. 8, 2017) (if a plaintiff does not allege that he was not allowed to contact his lawyer by other methods, such as letters and visits, he fails to state a constitutional violation based on a telephone restriction).

### 2. Fourteenth Amendment

As to his Fourteenth Amendment due-process claim, Plaintiff appears to be referring to the policy of counting his call to counsel as his one free phone call per week. Attached to his complaint is a grievance Plaintiff filed concerning his one-phone-call-a-week claim.[1] DN 1-2. According to the grievance, Kentucky's Governor has given inmates a free 30-minute phone call every week because the COVID-19 pandemic has "shut down" prison visits. *Id*. at 2. The grievance states that Defendant Wright told him that a call to his lawyer would count as his weekly phone call. *Id*.

Defendant Wright's informal resolution to Plaintiff's grievance explained that under the prison's RHU Handbook weekly phone calls include legal phone calls, but Plaintiff's attorney could contact Defendant Wright to "schedule an appointment that would not count as his weekly call." *Id*. at 3. Plaintiff appealed the informal resolution, and, at both levels of appeal, the informal resolution was upheld because it complied with RHU policies. *Id*. at 4-10.

To the extent that Plaintiff asserts his right to procedural due process, two steps comprise such a claim: the first examines "whether there exists a liberty or property interest which has

---

[1] *See Arauz v. Bell*, 307 F. App'x 923, 925 n.1 (6th Cir. 2009) (noting that a court may review materials attached to a complaint when considering *sua sponte* dismissal).

4

been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient[.]" *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (internal citations omitted).

"It is well established that inmates do not have an absolute right to use a telephone." *Montgomery v. Medie*, 535 F. Supp.3d 522, 527 (E.D. Va. 2021). Even a complete denial of phone use for a temporary period of time does not violate procedural due-process rights. *See, e.g.*, *Allen v. Alexsander*, No. 2:16-CV-245, 2017 WL 2952929, at *5 (W.D. Mich. July 11, 2017) (citing cases). Moreover, as set forth in the complaint and attachments, the prison maintained a process by which Plaintiff could talk to his attorney and his family in the same week.

### 3. Eighth Amendment

Plaintiff contends that "[a]ny time a person is treated in a situation unfair pertaining [to his] rights . . . this would be deemed as being deprived of one['s] Eighth Amendment Rights, concerning cruel and unusual punishment." DN 1 at 9. This statement is inaccurate.

The Supreme Court has explained that "[a] prison official violates the Eighth Amendment only when two requirements are met." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the alleged deprivation must objectively be "'sufficiently serious.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). In other words, the deprivation must result in the "denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, a prison official must have a "'sufficiently culpable state of mind.'" *Id.* (quoting *Wilson*, 501 U.S. at 297).

"[L]oss of privileges, in general, does not amount to infliction of cruel and unusual punishment; and loss of visitation and telephone privileges is no exception to this rule." *Conley*

*v. Aldi*, No. 3:18-CV-00824 (VAB), 2021 WL 2291088, at *6 (D. Conn. June 4, 2021) (internal quotation marks and citation omitted); *Brock v. Belt*, No. 5:16-CV-P161-TBR, 2016 WL 6561569, at *4 (W.D. Ky. Nov. 3, 2016) (finding that a limited opportunity to use the phone does not "describe a deprivation of the 'minimal civilized measure of life's necessities'").

Plaintiff's claim related to restrictions on phone use, though no doubt meaningful to him and other incarcerated persons, fails to allege a sufficiently serious deprivation or state of mind.

### B. Defendant White's presence during Plaintiff's call with his attorney

Plaintiff alleges that on one occasion Defendant White "sat in" on a call with his public defender, which allegedly violated his attorney/client privilege and CPP 14.4. DN 1 at 6-7.

It is clear from the complaint that Plaintiff was aware of Defendant White's presence during the phone call. Because Plaintiff was aware that Defendant White was present and listening to his phone call, no violation of attorney-client privilege occurred when Plaintiff nevertheless spoke to his lawyer within earshot of White. *See, e.g.*, *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980) (explaining that a voluntary disclosure by the holder of the attorney/client privilege "is inconsistent with the confidential relationship and thus waives the privilege"); *see also United States v. Hatcher*, 323 F.3d 666, 674 (8th Cir. 2003) (explaining that attorney-client conversation was not privileged "[b]ecause the inmates and their lawyers were aware that their conversations were being recorded . . .[,] [t]he presence of the recording device was the functional equivalent of the presence of a third party"); *Horacek v. Seaman*, No. 08-10866, 2009 WL 2928546, at *9 (E.D. Mich. Sept. 10, 2009) ("[T]he courts that have considered the issue have uniformly concluded that, when a prisoner speaks with his attorney on a prison telephone with notice to the prisoner of the possibility of monitoring and recording, the prisoner in effect voluntarily discloses the communication to a third-party, thus

6

abrogating the privilege and eliminating any Sixth Amendment concerns."). And to the extent Plaintiff intends to raise a claim based on telephone monitoring alone, he has failed to allege any prejudice. *See United States v. Steele*, 727 F.2d 580, 586 (6th Cir. 1984) ("Even where there is an intentional intrusion by the government into the attorney-client relationship, prejudice to the defendant must be shown before any remedy is granted.").

Plaintiff's allegation that Defendant White's presence violated DOC Policies and Procedures fails to state a § 1983 claim upon which relief may be granted. *See, e.g.*, *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) ("It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983.").

Plaintiff also cites *Kendrick v. Bland*, 586 F. Supp. 1536 (W.D. Ky. 1984), DN 1 at 7, presumably as a reference to the consent decree entered into in 1980 with a class representing Kentucky State Penitentiary and Kentucky State Reformatory inmates concerning, among other things, prisoners' meaningful access to courts. *See Kendrick v. Bland*, 586 F. Supp. 1536, 1538 (W.D. Ky. 1984). This consent decree, however, is "fact specific and contains no general grant of rights to all Kentucky inmates." *Kendrick v. Bland*, No. 91-5147, 1991 WL 177930, at *1 (6th Cir. Sept. 12, 1991). An individual prisoner's remedy is a civil rights suit to vindicate any violation of his personal rights, not a contempt claim for violation of the consent decree. *Kendrick v. Bland*, 931 F.2d 421, 423 (6th Cir. 1991) ("Unfortunately there will often be individual violations of prison policy, but those do not constitute contempt on the part of the prison system, and are better addressed in alternative ways, such as through the prison grievance system or individual civil rights cases."). To the extent that Plaintiff seeks to bring a claim predicated solely on a violation of the *Kendrick* consent decree, he fails to state a claim upon which relief may be granted.

7

### C. Response to grievances

Plaintiff alleges that the response of Defendants Wright and Robey to his grievance regarding phone calls with his attorney violated DOC policy and the Sixth Amendment. DN 1-1 at 9. A plaintiff cannot maintain a claim against a prison official based solely on the official's denial of the plaintiff's grievance, however: "The 'denial of administrative grievances . . .' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)) (ellipses added); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same). Further, as explained above, a violation of DOC policy does not state a § 1983 claim.

### D. Deprivation of law library, legal aides, and other legal materials

Plaintiff asserts that the Defendants are deprived him of a "law library, aids, . . . meaningful access, copies, legal supplies, volumes, , , , legal mail, documents, . . . constitutional rights, compliance, . . . legal materials, cases, staff, pens, legal calls, [and] legal visits[.]"[2] DN 1 at 7.

Prisoners have a right of access to the courts that potentially implicates Plaintiff's alleged deprivation. *See Lewis v. Casey*, 518 U.S. 343, 351-54 (1996). "[A] prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner

---

[2] Plaintiff's claim related to legal calls already has been addressed. Plaintiff gives no explanation of the alleged deprivation of "legal mail" or "legal visits." Consequently, he fails to state a claim as to those alleged deprivations. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel." *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (per curiam). According to the complaint, Plaintiff has an appointed paralegal in his state post-conviction action and a public defender for the pending Oldham County criminal action. Therefore, his complaint does not state a claim that Defendants denied him access to the courts. *See, e.g.*, *Brummitt v. Kerns*, No. 2:09-CV-300, 2010 WL 4941637, at *2 (E.D. Tenn. Nov. 30, 2010) (finding that because prisoner-plaintiff was "represented by counsel . . . his constitutional right of access to the courts has not been denied"); *Croney v. Fletcher*, No. 07-CV-42-KKC, 2008 WL 45413, at *1 (E.D. Ky. Jan. 2, 2008) ("Where a pretrial detainee is represented by counsel, a jail cannot be said to have interfered with his right of access to the courts regardless of the nature of its law library, as the access right is adequately protected by the inmate's legal counsel."). Furthermore, to state an access-to-courts claim, Plaintiff must alleged that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff does not do so.

### E. Fourteenth Amendment right to life, liberty, or property

Plaintiff contends that Defendants deprived him of his Fourteenth Amendment right to life, liberty, or property by subjecting him to having to live with feelings of "hopelessness, . . . failure, not [being] worthy enough, hated against . . . ." DN 1 at 10-11.

"The doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed [is] known as substantive due process." *Grinter*, 532 F.3d at 572-73 (internal quotation marks and citation omitted). Where a particular constitutional amendment governs government behavior, however, claims under § 1983 should be evaluated under that particular constitutional provision, rather than under the Fourteenth Amendment's substantive-due-process rubric. *Albright v. Oliver*, 510 U.S. 266, 273 (1994); *Graham v. Connor*, 490 U.S. 386, 394-95 (1989).

Here, the restrictions on phone use and legal access fall within the particular constitutional provisions set forth above. Consideration of these claims under the rubric of "substantive due process," therefore, is inappropriate.

In examining Plaintiff's claims related to responses to grievances and Defendant White's presence during his phone call, the Court finds that they do not state substantive-due-process claims. Even were Plaintiff able to show that Defendants' actions deprived him of a liberty interest, the allegations of the complaint do not demonstrate action "that shocks the conscience[.]" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (internal quotation marks and citation omitted). "'Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used.'" *Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)) (ellipses in

*Pittman*). Courts have held that "[c]onduct shocks the conscience if it violates the decencies of civilized conduct." *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (internal quotation marks and citations omitted). Responding to grievances and being present during a phone call do not clear this high bar. *Cf. Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988) (framing an inmate by planting evidence may violate substantive due process if a defendant's conduct shocks the conscience and constitutes an egregious abuse of governmental power), *abrogated on other grounds by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc). Here, it can hardly be said that Defendant White's known presence during one phone call or denying a grievance about Defendant White's presence shocks the conscience.

### F. State-law claims

Because the Court dismisses federal claims, the Court declines to exercise supplemental jurisdiction over his state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The Court therefore will dismiss the state-law claims without prejudice.

Date: February 22, 2022

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
B213.009